

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FIRST RELIANCE BANK and FIRST RELIANCE BANK WELFARE BENEFIT PLAN, *individually and on behalf of plan participants who were denied benefits by Defendants*,<br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>AMWINS, LLC, AMWINS GROUP BENEFITS, INC., AMWINS GROUP BENEFITS, LLC., AMWINS CONNECT ADMINISTRATORS, INC. *f/k/a Group Benefit Services, Inc.,* GROUP BENEFIT SERVICES, INC., ROSCOMMON INSURANCE COMPANY, ROSCOMMON MEMBER PLAN MASTER TRUST, BECKHAM INSURANCE GROUP, LLC, BIG INSURANCE GROUP, LLC, BROKERS HOLDING GROUP, LLC, and STONE MOUNTAIN RISK, LLC.,<br>　　　　　　　　Defendants. | CIVIL ACTION NO. 3:22-2674-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTIONS TO DISMISS
FOR FAILURE TO STATE A CLAIM**

**I.     INTRODUCTION**

　　Plaintiffs First Reliance Bank and First Reliance Bank Welfare Benefit Plan filed this lawsuit against the above-named Defendants in the Richland County Court of Common Pleas. They bring the following five state claims: breach of contract, breach of contract accompanied by a fraudulent

act, bad faith denial of insurance claims, tortious interference with contractual relations, and civil conspiracy.

Plaintiffs also make a claim for benefits and attorney's fees pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3) and (g), and breach of fiduciary duty pursuant to ERISA, 29 U.S.C. §§ 1133 and 1132(a)(3). Plaintiffs seek actual, special, consequential, and punitive damages, reimbursement, prejudgment interest, equitable relief, attorney's fees, costs, and expenses.

Defendants removed the case to this Court, which has jurisdiction over the ERISA claims under 28 U.S.C. § 1331 and over the state claims in accordance with 28 U.S.C. 1367.

Pending before the Court are five motions to dismiss filed by Defendants (1) AmWINS, LLC, AmWINS Group Benefits, Inc., AmWINS Group Benefits, LLC, AmWINS Connect Administrators, Inc., f/k/a Group Benefit Services, Inc., and Group Benefit Services, Inc. (collectively, the AmWINS Defendants) (2) Beckham Insurance Group, LLC and BIG Insurance Group, LLC (the Beckham Defendants) (3) Roscommon Member Plan Master Trust (Trust), (4) Roscommon Insurance Company (RIC), and (5) Stone Mountain Risk, LLC (SMR) (collectively, Defendants).

Having carefully considered Defendants' five motions to dismiss, the responses, the replies, the record, and the relevant law, the Court will deny each of the motions.

## II.     FACTUAL AND PROCEDURAL HISTORY

For the purpose of deciding this motion, a full recitation of the factual history is unnecessary. Suffice it to say Plaintiffs are the employee group welfare plan (the plan), First Reliance Bank Welfare Benefit Plan, and the plan sponsor, First Reliance Bank. Defendants were generally involved in the implementation of the plan.

As is relevant here, after Defendants removed the case to this Court, and Plaintiffs filed their amended complaint, Defendants filed their motions to dismiss. Plaintiffs thereafter filed their responses in opposition to the motions, and Defendants filed their replies in support. The Court, having been briefed on the relevant issues, is prepared now adjudicate the five motions.

**III.    STANDARD OF REVIEW**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When considering a motion to dismiss for failure to state a claim, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent "they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to specific acts, dates, or policies, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir 1979).

In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). As such, "a motion to dismiss . . . tests the sufficiency of the complaint, not its veracity." *Ray v. Roane*, 948 F.3d 222, 230 (4th Cir. 2020).

### IV.     DISCUSSION AND ANALYSIS

It appears each Defendant and/or group of Defendants filed their motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), although several fail to say so specifically. In all the motions, Defendants argue the Court should dismiss Plaintiffs' state claims because they are preempted by ERISA. Plaintiffs contend, however, Defendants are unable to show their state claims are preempted by ERISA.

Inasmuch as both Defendants and Plaintiffs fail to mention it, the Court assumes they are all unaware and unfamiliar with long-standing Fourth Circuit precedent stating, "when a claim under state law is completely preempted and is removed to federal court because it falls within the scope of [ERISA], the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under [ERISA]." *Darcangelo v. Verizon Commc'n, Inc.*, 292 F.3d 181, 195 (4th Cir. 2002). Other courts have reached the same conclusion. *See, e.g., Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077 (7th Cir. 1992) (holding the district court erred in dismissing the plaintiff's state law claims because they were preempted by ERISA).

In the notice of removal, Defendants maintain that "[a]s the state law claims are preempted by ERISA, this Court has federal question jurisdiction . . . , and this action may be removed to this Court[.]" Notice of Removal at 3.

The sole argument Defendants make for dismissal of Plaintiffs' state claims is the claims are preempted. They fail to offer any additional basis for granting their motions. But, inasmuch as the Fourth Circuit clearly states "the federal court should not dismiss the [state] claim[s] as preempted," *Darcangelo*, 292 F.3d at 195, the Court will, of course, deny Defendants' motions to dismiss.

The Court will consider any other arguments as to the merits of Plaintiffs' state claims at the summary judgment stage.

The Court will require Plaintiffs file a status report indicating whether they wish the Court to treat their state claims as ERISA claims going forward. If yes, they may amend their complaint, but the Court will decline to require it. *See Bartholet*, 953 F.2d 1073 at 1078 (concluding it was unnecessary for the plaintiff to amend his complaint "to make explicit" his state claims arose under ERISA). The Court will also allow Plaintiffs to amend their complaint for any other reason they deem necessary to do so.

## V.     CONCLUSION

Based on the foregoing discussion and analysis, it is the judgment of the Court the motions to dismiss filed by the AmWINS Defendants, the Beckham Defendants, Trust, RIC, and SMR are all **DENIED**.

The AmWINS Defendants complain in their motion to dismiss some of them are misnamed in Plaintiffs' amended complaint. The Court has corrected the names herein and directs the Clerk of Court to make those same corrections to the docket.

Not later than March 12, 2024, Plaintiffs shall file the above-mentioned status report and their amended complaint, if they wish to do so. By that same date, the parties shall confer and then draft and submit to the Court a proposed consent scheduling order for this case with a jury selection and trial date before, or not later than, December 4, 2024.

**IT IS SO ORDERED**.

Signed this 5th day of March, 2024, in Columbia, South Carolina.

                                        /s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE